Christiane C. Kinney (SBN 199056)
christiane@ckinneylaw.com
KINNEY LAW, P.C.
8023 Beverly Blvd., Suite 1568
Los Angeles, CA 90048
Telephone: 310-751-0354

Jonathan F. Raburn (admitted *pro hac vice*)
jonathan@geauxlaw.com
McCarty and Raburn, A Consumer Law Firm PLLC
1907 Wigeon Street
Granbury, TX 76049
Telephone: 225-412-2777

Attorneys for Plaintiffs
DAVID CANTONG AND JASON BARROW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE SOLIS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No. 8:22-cv-00102-CJC-KES<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 13, 2022<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>[Filed Concurrently: Proposed Amended Class Action Complaint]<br><br>Complaint filed: July 18, 2019 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, June 13, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9-B of the above-referenced Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiffs David Cantong and Jason Barrow (collectively, "Plaintiffs") will and hereby do move for leave to file their proposed Amended Class Action Complaint ("Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2). The Amended Complaint is marked as Attachment A to this filing, and differs from the original Complaint, in that it adds class action allegations against Defendant Experian Information Solutions Inc. ("Experian"). It does not otherwise substantively alter the allegations of the operative Complaint.

This Motion is made on the grounds that Plaintiffs should be granted leave to amend to fully vindicate the merits of their claims by adding class action allegations and seeking to certify the class. This is Plaintiffs' first request for leave to amend its Complaint (following one amendment as a matter of right prior to the filing of an answer). Experian has refused to give their position on the filing of the Amended Complaint, thus necessitating this filing. Plaintiffs have not acted dilatorily in seeking leave to amend. Experian will suffer no undue prejudice if leave to amend is granted, and the Amended Complaint will not cause any undue delay, as this case is still in its early stages. Further, Experian has had ample advance notice that Plaintiffs would seek to file the proposed Amended Complaint, and the Scheduling Order allows such motions to amend the pleadings to be heard through March 20, 2023.

This Motion is based on this Notice, the accompanying memorandum of points and authorities, the papers, records and pleadings on file in this case, and on such oral argument as the Court allows.

Pursuant to L.R. 7-3, this motion is made following the conference of counsel which took place on May 3, 2022.

| | | |
|---|---|---|
| Dated: May 16, 2022 | | Respectfully submitted, |

By */s/ Jonathan F. Raburn*
Jonathan F. Raburn (*pro hac vice*)
MCCARTY AND RABURN, A
CONSUMER LAW FIRM, PLLC
1907 Wigeon Street
Grandbury, TX 76049
Telephone:  225.412.2777
Facsimile:   225.612.6571
Email: jonathan@geauxlaw.com

Attorney for Plaintiffs
DAVID CANTONG AND JASON BARROW

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs David Cantong and Jason Barrow move this Court for leave to amend the Complaint to add class action allegations against Defendant Experian.

Verizon Wireless (Verizon) is a furnisher of information, attempting to collect their own debts from the named Plaintiffs by reporting them to Defendant Experian. Based on information and belief, Verizon has attempted to collect the debts of numerous other consumers by reporting debts to Experian for their reporting on the consumers' credit reports. Verizon instructs Experian to maintain the credit information in their files and to publish/report the inaccurate information whenever anyone requests Plaintiffs' credit information/history. Verizon re-aged the "date of status" and "First Reported/Reported Since" date when accounts were disputed. Additionally, Verizon incorrectly instructed Experian to remove past account history on consumer credit reports and Experian complies with this request. Plaintiffs disputed credit information regarding their Verizon accounts with a dispute letter directly to Experian regarding the re-aging of the two dates, as required by 15 U.S.C. § 1681i(a)(1)(A). Once disputed, Experian communicates the dispute with Verizon, starting two separate and individual "investigations" pursuant to 15 U.S.C. § 1681. Both Experian and Verizon are responsible for their own and individual investigations [Experian's statutory duty to investigate disputes are pursuant to 15 U.S.C. §1681i(a)(1)(A) and 15 U.S.C. § 1681i(a)(5), and Verizon's statutory duty to investigate disputes are pursuant to15 U.S.C. § 1681s-2(b)]. After Experian and Verizon concluded their "investigations", Experian mailed the results to the Plaintiffs. Not only did Verizon instruct Experian to continue storing and publishing the inaccurate information but Verizon re-aged their accounts again, reflecting the date that the dispute was processed.

Defendant Experian allowed Verizon to re-age the accounts and then published the inaccurate information for the world to view, as well as negatively affecting credit

scores/ratings. Those dates should not change, especially when a consumer disputes their account; in fact, the First Reported dated should never change once the account was reported for the first time. The re-aging of delinquent first party collection accounts will negatively affect consumers credit profiles more than if they were correctly and accurately reporting. In addition to allowing Verizon to re-age the delinquent accounts, Experian also allowed Verizon to wipe out past account history. This leads to Plaintiffs' credit reports being inaccurate when they were viewed by third parties.

Plaintiffs contend that Experian violated 15 U.S.C. § 1681i(a)(1)(A) and 15 U.S.C. § 1681i(a)(5) by failing to conduct a good faith investigation into Plaintiffs' disputes and by continuing to store and publish inaccurate information. Additionally, Plaintiffs contend Experian violated 15 U.S.C. § 1681e(b) by not following reasonable procedures to assure maximum accuracy. Plaintiffs contend their damages are directly attributable to the flawed investigation process Experian employed and the lack of reasonable procedures that Experian maintains to assure maximum accuracy.

Plaintiffs seek to amend their Complaint to add class action allegations at this time, as it has become clear that the potential class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class as a whole; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. F. R. Civ. Proc. 23(a). Plaintiffs have not been dilatory in bringing these new allegations, nor shall amendment cause any unreasonable delay or prejudice to Defendant; rather, Plaintiffs merely seek to vindicate the rights of themselves and others who are similarly situated for all of the misdeeds Experian is liable for. The Honorable Court has already set a deadline for class certification on August 22, 2022, and Experian has had ample notice of Plaintiffs' intention to seek leave to amend on this basis.

## II. PROCEDURAL HISTORY

On July 18, 2019, Plaintiffs filed suit in the Eastern District of Texas, which was amended once as a matter of right. (Dkt. Nos. 1 and 2). An Answer to the Amended Complaint was filed on July 17, 2020 by Experian. (Dkt. No. 6). Following a partial settlement by some of the original plaintiffs, a motion for change of venue was filed on behalf of Plaintiffs David Cantong and Jason Barrow on August 27, 2021. (Dkt. No. 14). The matter was transferred to the Central District of California on December 8, 2021. (Dkt. 21). This Honorable Court was assigned to the matter on January 26, 2022. (Dkt. No. 25). Following the filing of a Joint Report under Rule 26(f), this Court issued its Scheduling Order on April 8, 2022. (Dkt. No. 37). The Scheduling Order provides that the parties shall have until March 20, 2023 to file and have heard all other motions, including motions to join or amend the pleadings. It further provides that Plaintiffs shall have until August 22, 2022 to file and have heard any class certification motion.

## III. LEGAL STANDARD

Plaintiffs request leave to file the Amended Complaint pursuant to Federal Rule 15(a), which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The U.S. Court of Appeals for the Ninth Circuit has stated that "[R]ule 15's policy of favoring amendments should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981)). Indeed, the Ninth Circuit has held that a district court should resolve a motion to amend "with all inferences in favor of granting the motion." *Griggs v. Pave Am. Grp.,* 170 F.3d 877, 880 (9th Cir. 1999) (citing *Leighton, supra,* 833 F.2d at 186).

Courts consider four factors in determining the propriety of a motion to amend: bad faith, undue delay, prejudice to the opposing party, or futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962); see also *Griggs, supra,* 170 F.3d at 880. The Ninth Circuit has held that prejudice to the opposing party is the strongest factor

and that absent prejudice, or "a strong showing" of the other factors, a "*presumption*" exists in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). This liberal standard applies to amending parties as well as causes of action. *Leighton,* 833 F.2d at 186.

The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy. *Howey v. United States*, 481 F.2d 1187, 1190-1191 (9th Cir. 1973). Finally, "[The Courts] differentiate between pleadings attempting to amend claims from those seeking to amend parties. Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union P.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

## IV. <u>ARGUMENT</u>

Plaintiffs readily qualify for leave to amend their Complaint to add class action allegations. The proposed Amended Complaint is filed in good faith, is timely, will not cause undue prejudice to defendant Experian, and is clearly not futile.

### A. **The Proposed Amended Complaint is Filed in Good Faith.**

Plaintiffs bring this motion for leave to amend in good faith, and not for purposes of delay or to avoid an adverse judgment. There are no facts in the record indicating that this motion has been filed in bad faith. *Cf. Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987).

### B. **Plaintiffs' Motion is Timely and Will Not Cause Undue Delay.**

This motion is timely filed and will not cause undue delay. See *Leighton, supra,* 833 F.2d at 187. Indeed, the Ninth Circuit has held that it is an abuse of discretion to deny a motion to amend on the grounds of delay alone, even five years after the filing of a complaint. *Howey v. U.S.,* 481 F.2d 1187, 1190-91 (9th Cir. 1973).

"Considerable delay with no reasonable explanation is relevant where a proposed amendment would cause prejudice to the other party or would significantly

delay resolution of the case." *Jackson,* 902 F.2d at 1388; *Contrast Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) [affirming denial of a motion to amend made on the eve of the discovery deadline.] However, "delay alone [if present] does not provide sufficient grounds for denying leave to amend." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry*, 648 F.2d 1252, 1254 (9th Cir. 1981).

By comparison, Plaintiffs are filing this motion within a month of issuance of the scheduling order, and concurrent with the commencement of discovery in this case. Given natural delays caused by the ongoing pandemic shortly after the original filing of this action, there has not been considerable delay in bringing this motion before the Court. This reasonably prompt filing negates any suggestion of undue delay and facilitates efficient discovery and proceedings in this case. See *Leighton, supra,* 833 F.2d at 187.

### C. The Proposed Amended Complaint will not Prejudice Defendant.

The proposed Amended Complaint will not prejudice defendant Experian. Such prejudice occurs when newly added parties do not have time to "pursue and preserve the facts relevant to various avenues of defense" of the suit. *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1400 (9th Cir. 1984). Avoiding such "unjust delay" is important in deciding motions for leave to amend a pleading. *Id.*; see also *Leighton, supra,* 833 F.2d at 187-188. However, timely notice, whether formal or informal, is sufficient to allay such concerns. *Id.*

Here, there is no unjust delay, and thus no prejudice to defendant Experian. They have been the only Defendant in this action since its filing, and very little has happened substantively in this case given the motion for change of venue only recently occurred. Further, Defendant was given ample advance notice that the Plaintiffs would seek to file the proposed Amended Complaint. It was raised in the Joint Report, and the Scheduling Order has acknowledged Plaintiffs' intention to add class allegations, giving a deadline of August 22, 2022 to file and have heard any

motions to certify the class. While Plaintiffs had hoped to alleviate the Court's docket by seeking a stipulation for the Amended Pleading, a request for Defendant's position was sought as early as April 19, 2022, and despite every effort to meet and confer on this issue, Defendant has failed and refused to respond to numerous requests for their position on this matter, thus necessitating this motion.

### D. Filing the Proposed Amended Complaint is Not Futile.

To show that a proposed amended complaint would be futile, the opposing party must show that, taking the pleaded facts as true, its allegations fail to state a claim as a matter of law. See *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.,* 701 F.2d 1276, 1293 (9th Cir. 1983). Otherwise, a plaintiff "'ought to be afforded an opportunity to test [its] claim on the merits.'" *Leighton, supra,* 833 F.2d at 188 (quoting *Foman,* 371 U.S. at 182). The addition of class action allegations, taken as true, state a legally sufficient claim and are therefore not futile.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request this Court grant leave to file the Amended Class Action Complaint.

Dated: May 16, 2022          Respectfully submitted,

By */s/ Jonathan F. Raburn*
Jonathan F. Raburn (*pro hac vice*)
MCCARTY AND RABURN, A
CONSUMER LAW FIRM, PLLC
1907 Wigeon Street
Grandbury, TX 76049
Telephone: 225.412.2777
Facsimile: 225.612.6571
Email: jonathan@geauxlaw.com

Attorney for Plaintiffs
DAVID CANTONG AND JASON BARROW

## L.R. 7-3 STATEMENT

Undersigned counsel certifies that, prior to filing the instant motion, counsel conferred concerning this motion with Angela Taylor, counsel for Defendant Experian. Initial requests for a position occurred as early as April 19, 2022, with a detailed phone call on May 3, 2022 discussing the nature of the proposed amendment. Although Ms. Taylor initially indicated she would provide Plaintiffs' counsel with her client's position no later than May 11, 2022, no response was provided. Plaintiffs' counsel provided defense counsel with additional time to provide their position on this matter, but no response was offered. As such, it is uncertain at this time whether Experian opposes this motion.

Dated: May 16, 2022

Respectfully submitted,

By */s/ Jonathan F. Raburn*
Jonathan F. Raburn (*pro hac vice*)
MCCARTY AND RABURN, A
CONSUMER LAW FIRM, PLLC
1907 Wigeon Street
Grandbury, TX 76049
Telephone: 225.412.2777
Facsimile: 225.612.6571
Email: jonathan@geauxlaw.com

Attorney for Plaintiffs
DAVID CANTONG AND JASON BARROW

# CERTIFICATE OF SERVICE

I, Christiane C. Kinney, hereby declare under penalty of perjury as follows:

I am a partner at the law firm of Kinney Law, P.C., 8023 Beverly Boulevard, Suite 1568, Los Angeles, California 90048. On May 16, 2022, I caused the foregoing **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 16, 2022.

/s/ Christiane C. Kinney